**JOHNSON & JOHNSON, a New Jersey corporation, Plaintiff,**

v.

**W. L. GORE & ASSOCIATES, INC., a Delaware corporation, Defendant.**

Civ. A. No. 4334.

United States District Court,
D. Delaware.

Jan. 24, 1974.

Reargument Denied Feb. 19, 1974.

Thomas S. Lodge, Connolly, Bove & Lodge, Wilmington, Del., Neal A. Waldrop and Don K. Harness, Harness, Dickey & Pierce, Birmingham, Mich., of counsel, for plaintiff.

C. Walter Mortenson, Mortenson & Weigel, Wilmington, Del., Marcus B. Finnegan and Brian G. Brunsvold, Finnegan, Henderson, Farabow & Garrett, Washington, D. C., of counsel, for defendant.

## MEMORANDUM OPINION and ORDER

CALEB M. WRIGHT, Senior District Judge.

Plaintiff has brought this action to redress infringement of its United States Patent 3,002,770, entitled

"Threaded Joint with Lubricating and Sealing Ribbon Interposed Between the Threads." Defendant has denied the essential allegations of the complaint and has counterclaimed for a declaratory judgment of noninfringement and invalidity. Jurisdiction is conferred on this Court by 28 U.S.C. § 1338(a) and venue is proper under 28 U.S.C. § 1400(b). This case is presently before the Court on defendant's motion for partial summary judgment.

The patent at issue recites wrapping unsintered polytetrafluoroethylene film or ribbon around the threads of a male pipe fitting and turning the female fitting onto the male fitting thus prepared. The resulting pipe joint has a good seal and is reusable. Claim 1, the only independent claim of the patent, contains the following description of the ribbon used in the invention:

. . . said ribbon prior to turning the male and female fittings together being in the form of a flat coherent unsintered polytetrafluoroethylene film having a specific gravity in the range of about 1.2–1.8. . . . (Col. 7, lines 14–17)

Defendant's summary judgment motion seeks a determination that the portion of the film used in defendant's accused product having a specific gravity less than 1.0 does not infringe plaintiff's patent.

■ In support of its motion, defendant contends (1) that the quoted claim does not read literally on defendant's ribbon having a specific gravity below 1.0, and (2) that the doctrine of file wrapper estoppel, Exhibit Supply Co. v. Ace Patents Corporation, 315 U.S. 126, 62 S.Ct. 513, 86 L.Ed. 736 (1942); Trio Process Corporation v. L. Goldstein's Sons, Inc., 461 F.2d 66, 75 (3rd Cir. 1972), cert. denied, 409 U.S. 997, 93 S. Ct. 319, 34 L.Ed.2d 262 (1972), prevents the use of equivalents to broaden the quoted claim to cover ribbon having a specific gravity below 1.0. Because this Court cannot determine on the record presently before it that there is no literal infringement as a matter of law, defendant's file wrapper estoppel argument need not be considered at this time.

■ As a matter of syntax, the lower limit for the ribbon's specific gravity claimed by the phrase "in the range of about 1.2–1.8" is imprecise. If 1.2 were an absolute lower limit to the literal claim, the term "about" need not have been used, and the claim could equally have read "film having a specific gravity in the range of 1.2–1.8." Therefore, the phrase "the range of about 1.2–1.8" can cover material with a specific gravity below 1.2. See Kolene Corporation v. Motor City Metal Treating, Inc., 307 F. Supp. 1251, 1258–1259, (E.D.Mich.1969), aff'd, 440 F.2d 77 (6th Cir. 1971), cert. denied, 404 U.S. 886, 92 S.Ct. 203, 30 L. Ed.2d 169 (1971). No other language in the patent claims clarifies the proper lower limit for the ribbon's specific gravity.

The patent specification also does not fix the proper lower limit for the claimed film's specific gravity. The specification states, "the specific gravity of this invention is in the range of about 1.2–1.8, normally about 1.6, at normal atmospheric temperature and pressure as compared with about 2.2 for a similar sintered polytetrafluoroethylene film, the specific gravity of water being taken as unity. . . ." (Col. 3, lines 10–16). This statement indicates that the film's normal specific gravity is somewhat above 1.2 and that the *upper* limit of the specific gravity claimed as "about 1.8" must be below 2.2. Neither of these facts helps this Court determine whether a specific gravity "about 1.2" can be less than 1.0.

Similarly, a careful examination of the file history does not illuminate whether claim 1 of the patent reads literally on the ribbon at issue in defendant's motion. At several points during the original[1] and continuation-in-part[2] applications, the patentees distinguished

---

1. Def. Exhibit I, p. 4.

2. Def. Exhibit J, pp. 5, 35–36, 50, 58, 83–84.

their ribbon from denser material having, like sintered polytetrafluoroethylene, a specific gravity of about 2.2. At no point did the patentees or the Patent Office suggest a precise lower limit for the specific gravity of the ribbon.

■ Finally, defendant argues that claim 1 cannot be read to cover polytetrafluoroethylene ribbon with a specific gravity below 1.0 because at the time patentees filed the parent application for the patent in suit, coherent, extruded, unsintered tape having a specific gravity below 1.2 was neither commercially available nor known to the inventors. In support of these arguments, defendant offers an affidavit of Wilbert L. Gore, the affidavit of inventor James Chesnut contained in the file history, and the admissions of inventor Joseph Singalewitch at his deposition. Even if conclusively established, however, these facts would not conclude the question of the literal scope of claim 1. It is well established that an inventor is entitled to whatever merits his invention has, even though they may be greater than he supposed. Triangle Conduit & Cable Co., Inc. v. National Electric Products Corporation, 149 F.2d 87 (3rd Cir. 1945), cert. denied, 326 U.S. 744, 66 S. Ct. 59, 90 L.Ed. 444 (1945); 4 Deller's Walker on Patents § 238 (2nd ed. 1965). The plaintiff in this case is entitled to the full extent of his claim, as understood by one skilled in the relevant art, 35 U.S.C. § 112, even though that claim goes beyond what was known to the inventors or was commercially available at the time of invention.

■ In the absence of adequate explanation in the claims, specification, and file history, this Court can only speculate whether a person skilled in the relevant art would read the patent claims so as to cover defendant's ribbon having a specific gravity below 1.0. Therefore, this Court finds that defendant is not entitled to partial summary judgment on the literal scope of claim 1 of the patent, and defendant's motion must be denied.

## ON MOTION FOR REARGUMENT

Defendant, W. L. Gore & Associates, Inc., has moved for reargument of its Motion For Partial Summary Judgment based on noninfringement. The Court denied this motion by Memorandum Opinion and Order dated January 24, 1974. The Court has reviewed the briefs filed and the documents relied upon by the defendant including a careful perusal of the file history. It has also considered the arguments and cases cited in its motion for reargument. None of the cases cited therein are cases in which the Court determined the proper interpretation of the claim on a motion for summary judgment or on a record such as that now before this Court.

■■ The issue raised by the motion for summary judgment is the proper interpretation to be placed upon the independent claim of the patent. The Court agrees that the interpretation of a claim must be made in the light of the specifications and also with reference to the statements made to secure the allowance of the patent claims. However, the file wrapper of the patent in suit and the exhibits relied upon by the defendant fail to convince this Court that the proper interpretation of the claim is that urged by the movants. When a court finds itself in this position on a motion for summary judgment it is entitled to have presented to it the state of the prior art and meaning of the phrase "about 1.2" to one skilled in the art. In the context and present posture of this case the granting or denying of a motion for summary judgment is discretionary. This Court is not adverse to deciding patent cases on motions for summary judgment but it is convinced, despite the strength of the defendant's arguments, that justice does not require the granting of its motion for summary judgment. Accordingly, the motion for reargument is denied.